UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES J. HUTCHERSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:09-cv-757-RLY-TAB |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| 1940 Executive Drive | ) | |
| Indianapolis, IN 46241 | ) | |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| 251 E. Ohio Street, Suite 500 | ) | |
| Indianapolis, IN 46204 | ) | |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| 370 Knollwood Street, Suite 500 | ) | |
| Winston Salem, NC 27103, | ) | |
|     Defendants. | ) | |

**ENTRY ON KRISPY KREME CORPORATION'S MOTION TO DISMISS**

On June 17, 2009, Charles J. Hutcherson ("Plaintiff") filed the instant action against Krispy Kreme Doughnut Corporation ("Krispy Kreme"), alleging, *inter alia*, violations arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. On January 13, 2010, Krispy Kreme filed a motion to dismiss Count III of Plaintiff's Amended Complaint on the grounds that Plaintiff failed to state a claim upon which relief can be granted.[1] For the foregoing reasons, the court

---

[1] Count III is the sole remaining claim in this action.

1

**GRANTS** Krispy Kreme's motion.

I.   Background

In March 2005, Plaintiff was hired by Krispy Kreme as a route salesman in Krispy Kreme's Indianapolis, Indiana location. (Complaint ¶ 25). As a route salesman, Plaintiff was enrolled in Krispy Kreme's Welfare Benefit Plan ("Disability Plan"), which is an employee welfare benefit plan created pursuant to Section 3(1) of ERISA, and offered by Krispy Kreme for the benefit of its employees. (*Id.* ¶¶ 12, 14). When Plaintiff was promoted to a route sales supervisor he became eligible for a different level of benefits, which required him to re-enroll in Krispy Kreme's Disability Plan, even if he wanted to keep the same level of coverage. (*Id.* ¶¶ 32- 34). On February 12, 2007, Plaintiff received a letter from Chrystal Spaugh ("Spaugh"), Krispy Kreme's Benefits Administrator, providing him with materials for re-enrollment in the Disability Plan. (*Id.* ¶ 34). Spaugh's letter stated that Plaintiff's previous benefit coverage ended, and in order to participate in the Disability Plan, Plaintiff must re-enroll within thirty days. (Defendant's Reply Brief, Ex. A). On the same day that he received Spaugh's letter, Plaintiff completed the re-enrollment materials and placed them under the office manager's door. (Complaint ¶ 35). Two days later the office manager confirmed that she received Plaintiff's re-enrollment materials, and told Plaintiff that she "took care of it." (*Id.* ¶ 36).

In November 2007, Plaintiff went on medical leave and was no longer able to perform work at Krispy Kreme's Indianapolis location. (*Id.* ¶ 39). Plaintiff received a

call from Spaugh to complete his open enrollment forms over the telephone. (*Id.* ¶ 40).
Plaintiff informed Spaugh that he intended to maintain the same level of benefit coverage
that he had in place when he was a route salesman. (*Id.*). In December 2007, Plaintiff
received a follow-up call, which asked him to confirm his selection, and Plaintiff
requested that documents be sent for him to review and sign. (*Id.* ¶ 41). However,
Plaintiff never received any documents. (*Id.* ¶ 41-42).

On May 1, 2008, Plaintiff first received notice from Spaugh that he had not
properly elected long-term disability coverage. (*Id.* ¶ 43). Spaugh claimed that she never
received Plaintiff's re-enrollment materials, and, therefore, he was not a member of
Krispy Kreme's Disability Plan. (*Id.* ¶ 37). Plaintiff claims that he submitted all of the
proper documentation for re-enrollment, and relied on the office manager's statement that
she "took care" of his forms. (*Id.* ¶ 56). In June 2008, Plaintiff discontinued his
employment with Krispy Kreme due to medical reasons. (*Id.* ¶ 26).

Plaintiff seeks four alternative theories of relief under ERISA: (1) a claim for
equitable relief under Section 502(a)(3); (2) a claim for benefits under Section
502(a)(1)(B); (3) a claim for breach of fiduciary duty under Section 502(a)(2); and (4) a
claim for equitable estoppel resulting from Krispy Kreme's misrepresentation regarding
his enrollment in the Disability Plan. (*Id.* ¶ 54-60).

## II.     Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of a
claim for "failure to state a claim upon which relief may be granted." FED. R. CIV. P.

12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990)). In ruling on a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are accepted as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III. Discussion

### A. Section 502(a)(3)

Section 502(a)(3) of ERISA permits an action "by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . ." 29 U.S.C. § 1132(a)(3). Krispy Kreme claims that Plaintiff fails to state a claim under Section 502(a)(3) because: (1) the relief Plaintiff seeks is duplicative of the relief that is available under ERISA Section 502(a)(1)(B); and (2) Plaintiff is not seeking "appropriate" equitable relief.

In *Varity Corp. v. Howe*, the Supreme Court held that a plan participant or beneficiary could obtain individualized relief under Section 502(a)(3), reasoning that the section was a "catchall" provision that acted "as a safety net offering appropriate relief for

4

injuries caused by violations that [Section 502] does not elsewhere adequately remedy." 516 U.S. 489, 512 (1996). But "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would not be 'appropriate.'" *Id.* at 515. In other words, "where relief is available to a plan participant under other provisions of the statute, relief may not be warranted under [S]ection [502](a)(3) . . . ." *Mondry v. Am. Family Mutual Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009).

Plaintiff argues that although he also seeks relief under Section 502(a)(1)(B) for denial of benefits, the court should not dismiss his Section 502(a)(3) claim because Plaintiff is entitled to plead alternative theories of recovery. While Plaintiff may simultaneously seek relief under ERISA Sections 502(a)(3) and 502(a)(1)(B), he may only do so if both claims are distinguishable, meaning that he does not seek identical relief under both sections. *Hakim v. Accenture U.S. Pension Plan*, 656 F.Supp.2d 801, 811 (N.D. Ill. 2009). In other words, "dismissal of a [Section] 502(a)(3) claim is appropriate where it is merely 'a repackaged claim for individual benefits,' but not where plaintiff's [Section] 502(a)(3) claim and [Section] 502(a)(1)(B) claim address 'two separate and distinct injuries.'" *Id.* (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 839-40 (6th Cir. 2007)); *see also Zuckerman v. United of Omaha Life Ins. Co.*, 2010 WL 2927694, *7 (N.D. Ill. July 24, 2010) (holding that dismissal of a plaintiff's Section 502(a)(3) claims appropriate because *Varity* worked to "bar plaintiffs from getting two bites at essentially the same apple by asserting identical

5

claims under [Sections] 502(a)(3) and 502(a)(1)(B)"). Whether Plaintiff can state a claim under Section 502(a)(1)(B), not Plaintiff's likelihood to succeed on that claim, is the relevant inquiry for determining whether Plaintiff can bring his Section 502(a)(3) claim. *Haskim*, 656 F.Supp.2d at 812; *Zuckerman*, 2010 WL 2927694 at * 6.

Here, Plaintiff seeks to recover disability and medical costs from the plan under Section 502(a)(3), which is the same relief he seeks in his denial of benefits claim under Section 502(a)(1)(B). (Complaint ¶¶ 55-60, 64). Since Plaintiff does not allege a distinctive claim under Section 502(a)(3), the court must conclude that Plaintiff's Section 502(a)(3) claim is nothing more than a repackaged claim for benefits.

Even if Plaintiff's Section 502(a)(3) claim was distinguishable, it would still fail as a matter of law because Plaintiff does not seek "appropriate" equitable relief. Plaintiff's Complaint only seeks compensatory damages, which are not a recognized form of equitable relief. *Mertens v. Hewitt Associates*, 508 U.S. 248, 255-56 (1993) (holding that "appropriate equitable relief" referred "to those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."); *see also Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459, 465-66 (7th Cir. 2005) (citing *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 n. 5 (7th Cir. 1995)). Accordingly, Plaintiff fails to establish an independent claim for equitable relief under Section 503(a)(3).

### B. Standing Under Sections 502(a)(1)(B) and 502(a)(2)

Krispy Kreme argues that Plaintiff lacks standing to bring a claim under Sections

6

502(a)(1)(B) or 502(a)(2) because he is not a plan participant. Under ERISA, only plan participants can bring claims for relief under Sections 502(a)(1)(B) and 502(a)(3). *See* 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3); *see also Franchise Tax Board v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983) (holding that "ERISA carefully enumerates the parties entitled to seek relief under [Section] 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action . . . ."). ERISA defines a "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

When Plaintiff was promoted, he was informed that his previous coverage had lapsed, and that he needed to re-enroll in Krispy Kreme's Disability Plan in order to continue receiving coverage. (Complaint ¶¶ 57-59). In addition, Plaintiff was not eligible to receive benefits from Krispy Kreme's Disability Plan because the thirty-day deadline within which he had to re-enroll had expired before he filed suit. Therefore, Plaintiff's Sections 502(a)(2) and 502(a)(1)(B) claims must fail as a matter of law because Plaintiff was not a "participant" under ERISA, and, therefore, lacks standing.

With respect to the Section 502(a)(2) claim, Plaintiff also cannot succeed because he only seeks individualized relief. The Seventh Circuit recently held that when bringing an action under Section 502(a)(2), relief must be sought from the plan itself. *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 481-82 (7th Cir. 2010) (citing *Varity*, 516 U.S. at

515)) (finding that under Section 502(a)(2) a participant or beneficiary may commence a civil action for appropriate relief "only in a representative capacity on behalf of the plan, not in her own behalf"). Since Plaintiff does not seek relief under the plan itself, his Section 502(a)(2) claim must fail as a matter of law.

### C. Equitable Estoppel

Krispy Kreme argues that Plaintiff does not meet the requirements for bringing an ERISA-based estoppel action. To assert such a claim, Plaintiff must allege: "(1) a knowing misrepresentation by [Krispy Kreme]; (2) in writing; (3) with reasonable reliance by [Plaintiff] on the misrepresentation; and (4) to [Plaintiff's] detriment." *Kamler v. H/N Telecommunication Svs., Inc.*, 305 F.3d 672, 679 (7th Cir. 2002) (citing *Coker v. Trans World Airlines*, 165 F.3d 579, 585 (7th Cir. 1999)). In the Seventh Circuit, cases analyzing estoppel claims brought under ERISA are limited to those that involve misrepresentations based on the terms of the plan. *Orth v. Wis. State Emps. Union Counsel 24*, 546 F.3d 868, 873 (7th Cir. 2008); *Kamler*, 305 F.3d at 679; *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 588 (7th Cir. 2000); *Coker*, 165 F.3d at 585; *see also Bingham v. CNA Fin. Corp.*, 408 F.Supp.2d 563, 566-67 (N.D. Ill. 2005).

Here, Plaintiff bases his estoppel claim on the office manager's alleged oral misrepresentation of stating that she "took care" of Plaintiff's re-enrollment documents. This is insufficient to form the basis of Plaintiff's estoppel claim under ERISA because the alleged misrepresentation is not in writing, nor does it involve the terms of the disability plan. Accordingly, the court must dismiss Plaintiff's equitable estoppel claim

8

as a matter of law.

## IV. Conclusion

Based on the foregoing reasons, the court **GRANTS** Krispy Kreme's Motion to Dismiss (Docket # 29).

**SO ORDERED** this 30th day of September 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Denise M. Clark
THE LAW OFFICE OF DENISE M. CLARK
dmclark@benefitcounsel.com

Louis W. Doherty
KILPATRICK STOCKTON LLP
ldoherty@kilpatrickstockton.com

Edward E. Hollis
BAKER & DANIELS - Indianapolis
eehollis@bakerd.com

Corena A. Norris-McCluney
KILPATRICK STOCKTON LLP
cnorris-mccluney@kilpatrickstockton.com

David S. Wagner
BAKER & DANIELS, LLP
david.wagner@bakerd.com