UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES J. HUTCHERSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-757-RLY-TAB |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| 1940 Executive Drive | ) | |
| Indianapolis, IN 46241 | ) | |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| 251 E. Ohio Street, Suite 500 | ) | |
| Indianapolis, IN 46204 | ) | |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| 370 Knollwood Street, Suite 500 | ) | |
| Winston Salem, NC 27103, | ) | |
|     Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

On September 30, 2010, the court granted Krispy Kreme Doughnut Corporation's ("Krispy Kreme") Motion to Dismiss Charles J. Hutcherson's ("Plaintiff") federal law claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* On October 21, 2010, the court entered final judgment in Krispy Kreme's favor. Plaintiff now moves the court to reconsider its decision to dismiss Plaintiff's federal claims under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court **GRANTS in part** and **DENIES in part** Plaintiff's motion.

1

**I.     Background**

Plaintiff began working for Krispy Kreme as a route salesman. (Complaint ¶ 25). As a route salesman, Plaintiff was enrolled in Krispy Kreme's Welfare Benefit Plan ("Disability Plan"), which is an employee welfare benefit plan pursuant to Section 3(1) of ERISA, and offered by Krispy Kreme as a benefit of its employees. (*Id.* ¶¶ 12, 14). Plaintiff was eventually promoted to the position of route sales supervisor, which made him eligible for a different level of benefits. (*Id.* ¶ 32). However, in order to receive any benefits as part of his new position, Plaintiff was required to re-enroll in the Disability Plan. (*Id.* ¶ 32-34). On February 12, 2007, Plaintiff received a letter from Crystal Spaugh ("Spaugh"), Krispy Kreme's Benefits Administrator, providing him with materials for re-enrollment in the Disability Plan. (*Id.* ¶ 34). On the same day, Plaintiff completed the re-enrollment materials and placed them under the door of the office manager. (*Id.* ¶ 35). Two days later, the office manager told Plaintiff that she received his re-enrollment materials and "took care of it." (*Id.* ¶ 36).

In November 2007, Plaintiff went on medical leave. (*Id.* ¶ 39). Spaugh called Plaintiff to complete his open enrollment forms over the telephone. (*Id.* ¶ 40). Plaintiff told Spaugh that he intended to maintain the same level of benefits that he had in place when he was a route salesman. (*Id.*) In December 2007, Plaintiff received a follow-up call, asking him to confirm his benefits election, and Plaintiff requested that documents be sent for him to review and sign. (*Id.* ¶ 41). However, Plaintiff never received any documents. (*Id.* ¶ 41-42).

On May 1, 2008, Plaintiff received a notice from Spaugh that he had not properly elected long-term disability coverage. (*Id.* ¶ 43). Spaugh claimed that she never received Plaintiff's re-enrollment materials, and, therefore, he was not a member of Krispy Kreme's Disability Plan. (*Id.* ¶ 37). Plaintiff alleges that he submitted all of the proper documentation for re-enrollment, and relied on the office manager's statement that she "took care" of his forms and enrollment. (*Id.* ¶ 56). In June 2008, Plaintiff discontinued his employment with Krispy Kreme due to medical reasons. (*Id.* ¶ 26). Plaintiff's Complaint seeks four alternative theories of relief under ERISA: (1) a claim for benefits under Section 502(a)(B)(1); (2) a claim for breach of fiduciary duty under Section 502(a)(2); (3) a claim for equitable relief under Section 502(a)(3); and (4) a claim for equitable estoppel resulting from Krispy Kreme's misrepresentation regarding his enrollment in the Disability Plan. (*Id.* ¶ 54-60).

## II.   Standard for Motion for Reconsideration

Plaintiff moves for reconsideration under both Federal Rules of Civil Procedure 59(e) and 60(b). In determining whether a motion challenging judgment should be brought under Rule 59(e) or Rule 60(b), the timing of a motion's service controls. *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995). "A Rule 59(e) motion . . . must be brought within 28 days of the entry of judgment, and [a] Rule 60(b) [m]otion . . . must be brought within 'a reasonable time.'" *Wright v. Kupczyk*, 2011 WL 167258, at *2 (N.D. Ill. Jan. 18, 2011) (quoting FED. R. CIV. P. 59(e); 60(c)). Here, Plaintiff filed his motion to reconsider seven days after the court issued its final judgment. Therefore,

Plaintiff's motion is properly brought under Rule 59(e).

Rule 59(e) permits a court to alter or amend a previous judgment. *See* FED. R. CIV. P. 59(e). "Relief under Rule[] 59(e) [is an] extraordinary remed[y] reserved for the exceptional case, and 'the mere desire to expand the allegations of a dismissed complaint does not, by itself, normally merit lifting the judgment.'" *Foster v. DeLuca*, 454 F.3d 582, 584 (7th Cir. 2008) (quoting *Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995) (internal citations omitted)). A Rule 59(e) motion "may be used to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *U.S. v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). However, a motion to alter or amend judgment is not meant to "'provide a vehicle for a party to undo its own procedural failures, and certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Id.* (quoting *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). In other words, a Rule 59(e) motion does not give parties a "second chance" to prevail on the merits. *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009). A judgment or order shall be altered or amended under Rule 59(e) in the limited circumstances where a court: "(1) patently misunderstood a party, or (2) made a decision outside the adversarial issues presented; or (3) made an error not of reasoning but of apprehension." *Cnty. Materials Corp. v. Allan Block Corp.*, 436 F.Supp.2d 997, 999 (W.D Wis. 2006) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

## III. Discussion

### A. Extrinsic Materials

As a preliminary matter, Plaintiff argues that the court erroneously considered facts outside the pleadings when ruling on Krispy Kreme's Motion to Dismiss. The only extrinsic document referenced by the court in its Entry was a letter written by Spaugh, which was attached to Krispy Kreme's Reply for the purpose of "refuting the allegation that [Krispy Kreme's] counsel . . . misrepresented the facts." (Krispy Kreme Reply at 3, n. 1). In deciding a motion to dismiss, the court may consider documents attached to the motion to dismiss if they are "referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). However, if a court considers evidence outside the pleadings, it must convert a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56, "even if the document had merely been referred to in the complaint." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

Spaugh's letter is referred to in Paragraph 34 of the Complaint, and its contents are central to Plaintiff's ERISA claim because it expressly states that in order to receive benefits under the Disability Plan, Plaintiff was required to re-enroll within a thirty-day period. Therefore, consideration of the letter was not a manifest error of law, and the court **DENIES** Plaintiff's Motion to Reconsider with respect to considering the letter attached to Krispy Kreme's Reply.

### B. Standing under Section 502(a)(1)(B)

Plaintiff argues that the court's conclusion that Plaintiff lacked standing to bring a claim under ERISA because he was not a plan participant was a manifest error of law. Under ERISA, a "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). An individual who has a "colorable claim to vested benefits" has standing to bring an ERISA claim. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989); *Kalmer v. H/N Telecomm. Servs., Inc.*, 305 F.3d 672, 678 (7th Cir. 2002). "The requirements of a colorable claim are not stringent; a plaintiff need have only a nonfrivolous claim for the benefits in question." *Kamler*, 305 F.3d at 678 (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996)).

The court previously found that Plaintiff was not a participant because he failed to timely re-enroll in the Disability Plan. However, upon review, it appears that the court's determination that Plaintiff lacked standing was a manifest error of law. Plaintiff alleges he submitted his re-enrollment paperwork to the office manager, who told Plaintiff that she "took care of it." (Complaint ¶ 35). Plaintiff also claims that he received follow-up phone calls from Spaugh and plan administrators in order to complete the re-enrollment process, and that Krispy Kreme never informed him that he was not properly enrolled in the Disability Plan. (*Id.* ¶¶ 39-41). These allegations taken together are sufficient to

demonstrate that Plaintiff has a nonfrivolous claim for denial of benefits under Section 502(a)(1)(B). Further information regarding the role of Spaugh and other individuals that Plaintiff spoke with during the re-enrollment process is necessary for Plaintiff to be successful on the merits of his Section 502(a)(1)(B) claim, but the allegations in the Complaint are enough to permit Plaintiff to pursue his claim. Accordingly, the court **GRANTS** Plaintiff's motion with respect to his Section 502(a)(1)(B) claim.

The court does not alter its ruling in regard to Plaintiff's Section 502(a)(2) claim because dismissal was based on the fact that Plaintiff sought individualized relief, rather than relief in a representative capacity.

### C. Section 502(a)(3) Claim

Section 502(a)(3) is considered a "catchall" provision, and permits an ERISA action "by a participant . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . ." 29 U.S.C. § 1132(a)(3). The Supreme Court has interpreted Section 502(a)(3) to apply in situations where no other remedy is available, but "where Congress elsewhere provided adequate relief for a[n] . . . injury, there will likely be no need for further equitable relief, in which case such relief would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). The Seventh Circuit has applied this to mean that "if relief is available to a plan participant under [Section](a)(1)(B), then that relief is *un*available under [Section](a)(3)." *Mondry v. Am. Family Mutual Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009) (citing *Korotynska v. Metro. Life. Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006)).

7

Furthermore, district courts within the Seventh Circuit, generally agree that "'a claim for equitable relief under [Section 502(a)(3)] must be dismissed if relief may be obtained under [Section 502(a)(1)(B)].'" *Hakim v. Accenture U.S. Pension Plan*, 656 F.Supp.2d 801, 810 (N.D. Ill. 2009) (quoting *Rice ex rel. Rice v. Humana Ins. Co.*, 2007 WL 1655285, at *4 (N.D. Ill. June 4, 2007); *Herouz v. Humana Ins. Co.*, 2005 WL 1377854, at *4 (N.D. Ill. June 8, 2005).

Plaintiff argues that the court should not dismiss his Section 502(a)(3) claim because he is entitled to alternative theories of relief, and it is unclear whether his Section 502(a)(1)(B) claim will provide Plaintiff with adequate relief. However, "whether Plaintiff's [Section] 502(a)(1)(B) claim will succeed is irrelevant; and the pertinent inquiry is whether Plaintiff can state a claim under [Section] 502(a)(1)(B)." *Hakim*, 656 F.Supp.2d at 812 (citing *Katz. v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1089 (11th Cir. 1999)). As determined in the the preceding section, Plaintiff's allegations are adequate to state a claim for relief under Section 502(a)(1)(B). Since Plaintiff provides no additional facts that require relief not already remedied by ERISA Section 502(a)(1)(B), Plaintiff cannot state a claim for relief under Section 502(a)(3).

Furthermore, Plaintiff fails to state a claim under Section 502(a)(3) because he does not seek equitable relief, as required by the statute. Although Plaintiff hypothetically contends that the court could construe his claims as a plea for injunctive relief because his Complaint includes the boilerplate "such other relief as this [c]ourt deems necessary and proper," he only specifically seeks to recover monetary damages,

both compensatory and punitive. (Complaint ¶ 68). Because Plaintiff fails to seek equitable relief in the Amended Complaint, the court **DENIES** Plaintiff's motion with respect to his Section 502(a)(3) claim.

### D. Equitable Estoppel

Plaintiff argues that the court erred in applying *Coker v. Trans World Airlines*, 165 F.3d 579 (7th Cir. 1999), in its entry. However, Plaintiff's argument is incorrect because in the Seventh Circuit, all ERISA-based estoppel claims, whether promissory or equitable, are analyzed under the *Coker* standard. In order to bring any kind of ERISA-based estoppel action, Plaintiff must allege: "(1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to h[is] detriment." *Id.* The Seventh Circuit permits estoppel claims under ERISA in situations "'where the claimant was misled by written representations of the insurer or plan administrator into failing to take an action that would have enabled the claimant to receive benefits under the [p]lan.'" *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 586 (7th Cir. 2000) (quoting *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 811 (7th Cir. 2000)). ERISA-based estoppel actions are also appropriate "'where the defendant insurer misrepresented the contractual limitations period in the plan summary . . . .'" *Bowerman*, 226 F.3d at 586-87 (quoting *Gallegos*, 210 F.3d at 809). Furthermore, the Seventh Circuit permits ERISA-based estoppel claims based on an oral misrepresentation only where the plan documents are ambiguous or misleading. *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 637 (7th Cir. 2007) (citing *Vallone v. CNA Fin. Corp.*, 375 F.3d 623,

9

639 (7th Cir. 2004); *Bowerman*, 226 F.3d at 587-90).

Plaintiff raises a number of new arguments in an attempt to show that the Disability Plan and the Summary Plan Description were ambiguous with regard to the re-enrollment procedures. The court must disregard these arguments because they are not contained in the Complaint. These arguments could have been raised when the court decided Krispy Kreme's motion to dismiss, but were not. The alleged misrepresentation for which Plaintiff bases his equitable estoppel claim is the office manager's statement that she "took care of" Plaintiff's re-enrollment documents. The Complaint is absent of any allegation that the terms of the plan were ambiguous, and, thus, Plaintiff may not bring an equitable estoppel claim based on an oral misrepresentation. Moreover, Plaintiff does not contest that any ambiguity existed with regard to the fact that he was required to re-enroll in the Disability Plan in order to receive benefits. Accordingly, the court **DENIES** Plaintiff's motion with respect to the equitable estoppel claim.

**IV.     Conclusion**

For the reasons set forth above, the court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Reconsideration (Docket # 61). The court **GRANTS** Plaintiff's motion with respect to Plaintiff's claim under ERISA Section 502(a)(1)(B), and **DENIES** Plaintiff's motion with respect to Plaintiff's claim under ERISA Section 502(a)(3) and for equitable estoppel. The clerk of the court is **ORDERED** to reopen this action for further

litigation, consistent with this Entry.

**SO ORDERED** this 22nd  day March 2011.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Denise M. Clark
THE LAW OFFICE OF DENISE M. CLARK
dmclark@benefitcounsel.com

Louis W. Doherty
KILPATRICK STOCKTON LLP
ldoherty@kilpatrickstockton.com

Edward E. Hollis
BAKER & DANIELS - Indianapolis
eehollis@bakerd.com

Corena A. Norris-McCluney
KILPATRICK STOCKTON LLP
cnorris-mccluney@kilpatrickstockton.com

David S. Wagner
BAKER & DANIELS, LLP
david.wagner@bakerd.com