UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| CHARLES J. HUTCHERSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-757-RLY-DKL |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| 1940 Executive Drive | ) | |
| Indianapolis, IN 46241 | ) | |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| CORPORATION SERVICE COMPANY | ) | |
| 251 E. Ohio Street, Suite 500 | ) | |
| Indianapolis, IN 46204 | ) | |
| | ) | |
| KRISPY KREME DOUGHNUT CORP. | ) | |
| 370 Knollwood Street, Suite 500 | ) | |
| Winston Salem, NC 27103, | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT AND PLAINTIFF'S MOTION TO REINSTATE
CLAIM**

Plaintiff, Charles J. Hutcherson ("Plaintiff"), moves the court for leave to file a

Second Amended Complaint, or, alternatively, to reinstate his previously dismissed

claims.  For the reasons stated below, the court **DENIES** both motions.

**I.      Procedural Background**

On December 15, 2009, Plaintiff filed his Amended Complaint, alleging, *inter*

*alia*, violations under the Employee Retirement Income Security Act of 1974 ("ERISA"),

1

29 U.S.C. §§ 1001 *et seq.*, Sections 502(a)(1)(B), 502(a)(2), and 502(a)(3).  On January 13, 2010, Krispy Kreme filed a Motion to Dismiss Plaintiff's ERISA claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and on September 30, 2010, the court granted Defendants' Motion. On October 28, 2010, Plaintiff filed a Motion for Reconsideration, which the court granted with respect to Plaintiff's claim arising under ERISA Section 502(a)(1)(B), but denied with respect to his claims arising under ERISA Sections 502(a)(2) and 502(a)(3) and his claim for equitable estoppel.

On May 12, 2011, the court approved a new Case Management Plan, designating May 16, 2011 as the deadline for filing a motion for leave to amend the pleadings.  On May 17, 2011, one day after the deadline, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint.  In addition to Plaintiff's ERISA Section 502(a)(1)(B) claim, Plaintiff's proposed Second Amended Complaint seeks to add claims previously dismissed; namely, claims under ERISA Section 502(a)(3) and equitable estoppel.  Alternatively, on May 27, 2011, Plaintiff filed the instant Motion to Reinstate his previously dismissed claim under ERISA Section 502(a)(3) contained in the Amended Complaint.

## II.    Discussion

### A.    Motion for Leave

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings, and requires that once an answer has been filed, a plaintiff may amend the complaint only with the defendant's written consent or with leave of court.  FED. R. CIV. P. 15(a)(2).  As

a general rule, leave to amend the complaint is granted liberally, especially in the early stages of the lawsuit. *Dorel Juvenile Grp., Inc. v. DiMartinis*, 2007 WL 2728348 *1 (S.D. Ind. Sept. 17, 2007). The court may deny leave to amend if the amendment is attempted in bad faith or after undue delay, would impose unfair prejudice on the existing parties, or is futile. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). For the reasons set forth below, the court finds that Plaintiff's Motion for Leave should be denied because the proposed amendment would be futile.

The Second Amended Complaint alleges that in February 2007, Plaintiff was promoted to Route Sales Supervisor, and received a letter from Crystal Spaugh ("Spaugh"), Krispy Kreme's Benefits Administrator, which informed him that his elevation in status required him to re-enroll in Krispy Kreme's Disability Plan ("Disability Plan") in order to continue to receive coverage. (Second Amended Complaint ¶ 32).[1] Spaugh did not include an enrollment form with the letter. (*Id.* ¶ 33; *see also* Deposition of Charles Hutcherson ("Plaintiff Dep.") at 19-20). To indicate his desire to re-enroll in the Disability Plan, Plaintiff signed Spaugh's letter, and placed it

---

[1] After the Motion to Dismiss was fully briefed, but before it was ruled upon, Plaintiff was deposed. The allegations of Plaintiff's Second Amended Complaint contradict Plaintiff's deposition testimony to some degree. For example, Plaintiff's Second Amended Complaint alleges that he "completed the form and placed it under the door of the office manager . . . ." (*Id.* ¶ 34). Plaintiff testified, however, that he received a letter from Spaugh, signed it, and placed it under the door of the office manager. (Plaintiff Dep. at 19-20). In making the determination of whether Plaintiff's motion for leave would be futile, the court finds it appropriate to cite Plaintiff's deposition testimony where appropriate.

under the door of the office manager.  (*Id.* at 19).  Two days later, Plaintiff asked the

office manger if she had received the signed letter.  (*Id.* at 20).  The office manager told

Plaintiff that she "took care" of it.  (*Id.*).

       In November 2007, during Krispy Kreme's benefits open season, Plaintiff

contacted Spaugh to enroll in the short-term Disability Plan, a prerequisite for electing

long-term coverage.  (*Id.* ¶ 37).  During this conversation, Spaugh failed to inform

Plaintiff that he was no longer eligible for long-term disability benefits.  (*Id.* ¶ 38).  For

reasons unknown, Spaugh contacted Plaintiff a few weeks later to complete his open

enrollment over the telephone.  (*Id.* ¶ 39).  Plaintiff told Spaugh that he wanted to

maintain the same coverage he held prior to his promotion, and requested that she send

him the enrollment form to review and sign.  (*Id.* ¶ 40).  However, Plaintiff never

received an enrollment form.  (*Id.* ¶ 41).  On May 1, 2008, Plaintiff learned, for the first

time, that he was not enrolled in the Disability Plan.  (*Id.* ¶ 46).  Plaintiff alleges that, in

addition to his ERISA Section 502(a)(1)(B) claim, Krispy Kreme's conduct gives rise to

claims for equitable estoppel and breach of fiduciary duty under ERISA, based upon the

alleged "material omissions" made by Spaugh.

### 1.    Equitable Estoppel

       To assert an estoppel claim under ERISA, Plaintiff must show: "(1) a knowing

misrepresentation made by the defendant; (2) in writing; (3) with reasonable reliance by

the plaintiff on the misrepresentation; and (4) to the plaintiff's detriment."  *Kamler v. H/N*

*Telecomm. Servs., Inc.*, 305 F.3d 672, 679 (7th Cir. 2002) (citing *Coker v. Trans World*

*Airlines, Inc.*, 165 F.3d 579, 585 (7th Cir. 1999)).  Here, Plaintiff's estoppel claim is based on Spaugh's alleged "material omission" of failing to provide Plaintiff with an enrollment form, and Krispy Kreme's lack of procedures for monitoring whether employees receive such forms.  Accordingly, Plaintiff fails to allege that he relied on a written misrepresentation.

To the extent Plaintiff bases his equitable estoppel claim on an oral misrepresentation, his claim also fails.  The Seventh Circuit permits a plaintiff to bring an estoppel claim under ERISA based on an oral misrepresentation where there is also an allegation that the plan documents are ambiguous or misleading.  *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 637 (7th Cir. 2007) (citing *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 639 (7th Cir. 2004)).  Here, Plaintiff does not allege that the Disability Plan documents were ambiguous or misleading.  In fact, Plaintiff acknowledges that, pursuant to the plan documents, he was required to re-enroll in order to maintain coverage.  In addition, Spaugh's failure to provide Plaintiff with an enrollment form and Krispy Kreme's lack of follow-up procedures are not oral misrepresentations.  Therefore, Plaintiff does not state a claim for equitable estoppel under ERISA, and, thus, granting leave to amend would be futile.

### 2.     Breach of Fiduciary Duty

Plaintiff also alleges that Krispy Kreme's actions support a claim for breach of fiduciary duty under ERISA Section 502(a)(3).  Plaintiff bases his breach of fiduciary duty claim on Krispy Kreme's alleged failure to: (1) "enroll Plaintiff in the [Disability

Plan] when he submitted his enrollment form on February 12, 2008 [sic];" (2) "notify Plaintiff that his enrollment was not completed;" and (3) "provide Plaintiff with the open enrollment material that would show that he was no longer enrolled in the [Disability Plan]."  (Plaintiff's Second Amended Complaint ¶¶ 54-56).

In order to bring a claim for breach of fiduciary duty under ERISA Section 502(a)(3), Plaintiff must show: "(1) that the defendant is a plan fiduciary; (2) that the defendant breached its fiduciary duty; and (3) that the breach resulted in harm to the plaintiff."  *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 464 (7th Cir. 2010) (citing *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 639 (7th Cir. 2007)).  The court notes that Plaintiff's first basis for alleging a breach of fiduciary duty conflicts with the allegations contained within the Second Amended Complaint, and the record evidence.  In the Second Amended Complaint, Plaintiff alleges that he never received an enrollment form from Krispy Kreme.  (*See* Second Amended Complaint ¶¶ 33, 44-45).  Moreover, Plaintiff testified that he did not complete or return an enrollment form.

> Q:    And you did not complete new enrollment forms as a
>        result of [Spaugh's] letter?
> A:    I never received any.
> Q:    So you did not complete those forms?
> A:    No.

(Plaintiff Dep. at 19-20, 63-64).  Thus, Plaintiff's allegation that Krispy Kreme breached its fiduciary duty by failing to enroll him in the Disability Plan after he submitted an enrollment form must be disregarded.

The remaining grounds for Plaintiff's breach of fiduciary duty claim encompass

the general allegation that Krispy Kreme failed to notify Plaintiff that he was not enrolled in the Disability Plan.  Plaintiff's claim, however, is foreclosed by the Seventh Circuit's decision in *Kamler v. H/N Telecomm. Servs., Inc.*, 305 F.3d 672 (7th Cir. 2002).  In *Kamler*, the plaintiff-employee brought a claim for breach of fiduciary duty against the defendant-employer for failing to inform the plaintiff that enrollment was required in order to receive coverage under the employer's insurance plan.  *Id.* at 681.  The Seventh Circuit held that the plaintiff's allegation was insufficient to give rise to a claim for breach of fiduciary duty because the terms of the insurance plan clearly stated that enrollment was a requirement for coverage.  *Id.* at 682.  In addition, the Court noted that the employer informed the plaintiff that enrollment was necessary, and there is "no duty to emphasize something that had already been clearly communicated to [the plaintiff]." *Id.*  Here, Plaintiff admitted he received Spaugh's February 7, 2007 letter informing him that his promotion required him to re-enroll in the Disability Plan in order to maintain coverage, and he acknowledges that he took no affirmative steps to enroll in the plan. (*See* Second Amended Complaint ¶¶ 30, 32, 45; *see also* Plaintiff's Dep. at 64). Therefore, Krispy Kreme's alleged failure to notify Plaintiff that he was not enrolled in the Disability Plan does not give rise to a claim for breach of fiduciary duty. Accordingly, the claims contained in Plaintiff's Second Amended Complaint would not survive a motion to dismiss, and, thus, Plaintiff's attempt at amendment is futile.  The court therefore **DENIES** Plaintiff's Motion for Leave.

7

### B.      Motion to Reinstate

Having denied Plaintiff's Motion for Leave to File a Second Amended Complaint, the court now turns to Plaintiff's Motion to Reinstate his previously dismissed ERISA Section 502(a)(3) claim.  Although Plaintiff's motion is entitled "Motion for Reinstatement," Plaintiff's motion is more properly treated as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  The three valid grounds that constitute bringing such a motion are: (1) newly-discovered evidence; (2) an intervening change in law; and (3) a manifest error in law.  *Cato v. Thompson*, 118 Fed. Appx. 93, 96 (7th Cir. 2004).  Here, Plaintiff argues that the United States Supreme Court opinion in *Cigna Corp. v. Amara*, 131 S.Ct. 1866 (2011), is an intervening change in law to support "reinstatement" of Plaintiff's ERISA Section 502(a)(3) claim.

In *Amara*, a class of employees brought suit against an employer for failing to properly disclose changes the employer made to its pension plan.  *Id.* at 1870.  The district court found that the employer violated ERISA's disclosure requirements because it intentionally misled employees by providing them with an incomplete and inaccurate description of the new plan.  *Id.* at 1874-75.  The employer's notices claimed that the new plan would "significantly enhance" the pension plan, when, in fact, the new plan significantly reduced the rate of accruing future benefits.  *Id.* at 1872-73, 1874-75.  Under the authority of ERISA Section 502(a)(1)(B), the district court ordered and enjoined the employer to reform the plan by paying employees benefits in the manner described by the employer's notices.  *Id.* at 1875-76.  The Second Circuit affirmed.  *Id*. at 1876.

8

The Supreme Court reversed and remanded, holding that ERISA Section 502(a)(1)(B) only supplied the authority to enforce the terms of the pension plan as written, not as the district court had reformed it. *Id.* at 1876. However, the Court agreed that the employer's disclosures violated ERISA's notice requirements, but that relief was appropriately found under the catchall provision of ERISA Section 502(a)(3). *Id.* at 1880. The case concerned "a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of the plan (which ERISA typically treats as a trust)"; therefore, the case warranted equitable, not legal, relief. *Id.* ("[e]quity courts possessed the power to provide relief . . . for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment" (citing Restatement (Third) of Trusts § 95)).

Here, Plaintiff's attempt to reinstate fails because, unlike the plaintiffs in *Amara*, Plaintiff was not enrolled in the Disability Plan, and, thus, was not a plan beneficiary. This critical distinction prevents Plaintiff's breach of fiduciary duty claim from warranting the same equitable relief that was available to the plaintiffs in *Amara*. Moreover, Plaintiff's motion to reinstate implicates the Amended Complaint, not the proposed Second Amended Complaint. Plaintiff's Amended Complaint seeks to recover compensatory damages. Such a claim is traditionally legal, not equitable in nature. *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 255 (1993). Thus, Plaintiff fails to state a claim for equitable relief under ERISA Section 502(a)(3). 29 U.S.C. § 1132(a)(3); *see Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 502 (7th

9

Cir. 2011) (noting that ERISA Section 502(a)(3) allows plaintiffs "to bring claims in equity to enforce provisions of the plan, but not claims at law.").  To the extent Plaintiff seeks re-enrollment in the Disability Plan, his argument is without merit because such a remedy is sought in the proposed Second Amended Complaint (for which leave has not been granted), not in the Amended Complaint.  Therefore, the court **DENIES** Plaintiff's Motion to Reinstate his ERISA Section 502(a)(3) claim.

### III.     Conclusion

Based upon the aforementioned reasons, the court **DENIES** Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket # 78), and **DENIES** Plaintiff's Motion to Reinstate Plaintiff's Claim Under ERISA Section 502(a)(3) (Docket # 80).

**SO ORDERED** this 31st day of January 2012.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Jeffrey Scott Beck
BAKER & DANIELS - Indianapolis
jeffrey.beck@bakerd.com

Denise M. Clark
THE LAW OFFICE OF DENISE M. CLARK
dmclark@benefitcounsel.com

Edward E. Hollis
BAKER & DANIELS - Indianapolis
eehollis@bakerd.com

Corena A. Norris-McCluney
KILPATRICK TOWNSEND & STOCKTON LLP
cnorris-mccluney@kilpatricktownsend.com