UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES J. HUTCHERSON,  )<br>    Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>KRISPY KREME DOUGHNUT CORP.  )<br>1940 Executive Drive  )<br>Indianapolis, IN 46241  )<br>  )<br>KRISPY KREME DOUGHNUT CORP.  )<br>CORPORATION SERVICE COMPANY  )<br>251 E. Ohio Street, Suite 500  )<br>Indianapolis, IN 46204  )<br>  )<br>KRISPY KREME DOUGHNUT CORP.  )<br>370 Knollwood Street, Suite 500  )<br>Winston Salem, NC 27103,  )<br>  )<br>KRISPY KREME DOUGHNUT CORP.  )<br>WELFARE BENEFIT PLAN,  )<br>    Defendants.  ) | 1:09-cv-757-RLY-DKL |

**ENTRY ON KRISPY KREME'S MOTION FOR SUMMARY JUDGMENT**

On December 15, 2009, Charles J. Hutcherson ("Plaintiff") filed an Amended Complaint against Krispy Kreme Doughnut Corp. ("Krispy Kreme"), alleging wage payment disputes under both the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Count I) and Indiana State Wage Laws (Count II), and other claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (Count III). Plaintiff's ERISA claims included: (1) a claim for benefits under

1

ERISA Section 502(a)(1)(B); (2) a claim for breach of fiduciary duty under ERISA Section 502(a)(2); (3) a claim for equitable relief under ERISA Section 502(a)(3); and (4) a claim for equitable estoppel resulting from Krispy Kreme's misrepresentation regarding his enrollment in Krispy Kreme's long-term disability plan.  On April 12, 2010, pursuant to the parties' settlement agreement, the court dismissed Counts I and II of Plaintiff's Amended Complaint.

On September 30, 2010, the court granted Krispy Kreme's Motion to Dismiss Count III, and entered a Final Judgment in favor of Krispy Kreme.  On March 22, 2011, the court granted in part Plaintiff's Motion for Reconsideration of Krispy Kreme's Motion to Dismiss, which only revived Plaintiff's claim for benefits under ERISA Section 502(a)(1)(B).  On January 31, 2012, the court denied Plaintiff's Motion for Leave to File a Second Amended Complaint, and denied Plaintiff's Motion to Reinstate Plaintiff's claim for equitable relief under ERISA Section 502(a)(3).

On March 1, 2012, Krispy Kreme filed the instant Motion for Summary Judgment on Plaintiff's sole remaining ERISA claim for benefits under Section 502(a)(1)(B).  For the following reasons, Krispy Kreme's Motion is **GRANTED**.

I.    **Factual Background**

   A.   **Krispy Kreme's Disability Plans**

Krispy Kreme maintained two long-term disability plans – one for full-time non-exempt employees ("Non-Exempt Plan"), and one for executives and full-time exempt employees ("Exempt Plan").  (Affidavit of Chrystal Spaugh ("Spaugh Aff.") ¶ 9, Ex. C

2

("Non-exempt Plan Summary"), Ex. D ("Exempt Plan Summary")). Both plans were employee welfare benefit plans pursuant to Section 3(1) of ERISA. Under the Non-Exempt Plan, the eligible class of employees who qualified for long-term disability benefits were "[a]ll Full-Time non-exempt employees . . . ." (Non-exempt Plan Summary at 26). Under the Exempt Plan, the eligible class of employees who qualified for long-term disability benefits were "[a]ll executives and Full-Time exempt employees . . . ." (Exempt Plan Summary at 26).

In order to be covered under either the Non-Exempt Plan or the Exempt Plan, an eligible employee was required to fill out an enrollment form and have a weekly premium deducted from his or her paycheck. (*Id.* at 10; Non-exempt Plan Summary at 26; Exempt Plan Summary at 26). An employee could enroll in either plan by submitting the required enrollment forms: (1) within 31 days of becoming a member of the eligible class; (2) during annual open enrollment periods; or (3) upon the occurrence of a qualifying event.[1] (*Id.* at 26-27). Under both plans, long-term disability benefits were extinguished once an employee ceased to be part of the eligible class. (*Id.* at 28). Both plans were insured by Metropolitan Life, and administered by Impact Enrollment ("Impact"), Krispy Kreme's third party administrator. (Spaugh Aff. ¶ 29; Deposition of Chrystal Spaugh ("Spaugh Dep.") at 20, 40).

---

[1] A qualifying event included marriage, the birth of a dependent child, divorce, or the death of a dependent. (Exempt Plan Summary at 27).

### B. Plaintiff's History at Krispy Kreme

In March 2005, Plaintiff began working for Krispy Kreme as a route salesman in its Indianapolis, Indiana location. (Deposition of Charles J. Hutcherson ("Plaintiff Dep.") at 9, 11). As a route salesman, Plaintiff was paid on an hourly basis and classified as a non-exempt employee. (*Id.* at 9; Spaugh Aff. ¶ 5). Once he became eligible, Plaintiff enrolled in Krispy Kreme's benefits program, where he elected to participate in, *inter alia*, the Non-Exempt plan. (Plaintiff Dep. at 9).

In December 2005 and December 2006, Plaintiff participated in Krispy Kreme's open enrollment period. (Spaugh Aff. ¶ 5; Spaugh Aff. Ex. A, Ex. B). Each year, Plaintiff met with a representative from Impact, who would review his benefits, and assist him in making changes to his benefits if need be. (Plaintiff Dep. at 10, 72). The Impact representative then entered his elections on a computer, and provided a print out for him to review and sign. (Plaintiff Dep. at 72-73). During the December 2005 and December 2006 open season periods, Plaintiff maintained his enrollment in the Non-Exempt Plan. (Spaugh Aff. Ex. A, Ex. B).

### C. Promotion to Route Sales Supervisor

In January 2007, Plaintiff was promoted to a route sales supervisor, a salaried position, which changed his employment status from non-exempt to exempt. (Spaugh Aff. ¶ 15; Spaugh Aff. Ex. E). In accordance with his promotion, Krispy Kreme's Benefits Administrator, Chrystal Spaugh ("Spaugh"), sent Plaintiff a letter informing him that as an exempt employee, he was eligible to participate in the Exempt Plan. (Spaugh

4

Aff. Ex. E). Spaugh's letter further explained that the long-term disability benefits Plaintiff maintained under the Non-Exempt Plan had expired, and that in order to receive long-term disability benefits, Plaintiff needed to sign up for the Exempt Plan. (*Id.*). Spaugh's letter stated, in bold and underlined type print, that: "[i]f you wish to participate in the [Exempt Plan], please fill in the highlighted areas on the enclosed enrollment form and return to [Spaugh] within 30 days of the date on this letter." (*Id.*). Contrary to the letter's indication, an enrollment form was not included with Spaugh's letter. (Affidavit of Charles J. Hutcherson ("Plaintiff Aff.") ¶ 15).

Plaintiff read and signed the letter, and slipped it underneath the door of the office manager. (Plaintiff Dep. at 19). Plaintiff testified that the office manager informed him that she would "take care of it." (*Id.* at 19-20, 46). The next day, Plaintiff confirmed that the letter he signed was sent to Spaugh at Krispy Kreme's Winston-Salem office. (Plaintiff Aff. ¶ 16). Plaintiff, however, never filled out an enrollment form, nor contacted Spaugh to confirm his enrollment in the Exempt Plan. (*Id.* ¶ 17; Plaintiff Dep. at 20-21, 63-64). Accordingly, Krispy Kreme discontinued deductions from Plaintiff's pay check for long-term disability premiums with the February 9, 2007, pay date. (Spaugh Aff. ¶ 18).

    **D.**    **Plaintiff's Medical Leave**

In October 2007, Plaintiff went on medical leave. (Plaintiff Dep. at 30-31). On November 18, 2007, Plaintiff completed a statement so that he could receive short-term disability benefits. (Spaugh Aff. ¶ 19).

On December 10, 2010, Plaintiff completed his annual enrollment process over the telephone. (Plaintiff Dep. at 21-22). Based on the telephone log from the Impact representative, Plaintiff elected to receive the same benefits he was currently receiving, and did not make any changes to his benefits. (Spaugh Aff. ¶ 22, Ex. H). As a result, Plaintiff's elections for the February 1, 2008 through January 31, 2009, plan year remained the same. (Plaintiff Dep. Ex. 4). Consequently, Plaintiff waived long term disability benefits under the Exempt Plan. (*Id.*). The Impact representative sent Plaintiff a confirmation of his benefits elections for the 2008 benefit year. (Spaugh Aff. ¶ 22). Plaintiff claims that he never received the document. (Plaintiff Aff. ¶ 23).

On December 14, 2007, Spaugh sent Plaintiff a letter informing him of Krispy Kreme's Family Medical Leave Act Policy, as well as his eligibility for short-term disability salary continuation. (Spaugh Aff. ¶ 20; Spaugh Aff. Ex. G). Spaugh testified that the letter did not address long-term disability options since Plaintiff was not enrolled in the Exempt Plan. (Spaugh Aff. ¶ 20; Spaugh Aff. Ex. G). Plaintiff called Spaugh, and elected to receive short-term disability salary continuation while he was on medical leave. (Plaintiff Dep. at 31-32).

On May 1, 2008, Spaugh sent Plaintiff a letter informing him that his short-term disability salary continuation would end, and that he would be removed from Krispy Kreme's payroll on May 31, 2008. (Spaugh Dep. Ex. J). In addition, the letter specifically stated: "[o]ur records indicate that you did not elect Long Term Disability Insurance [*sic*] therefore we can not file a claim." (*Id.*). After receiving Spaugh's letter,

6

Plaintiff failed to return to work by the May 31, 2008 deadline; accordingly, Krispy Kreme removed him from the payroll because he was not an active employee. (Spaugh Aff. ¶ 25) Throughout Plaintiff's entire medical leave, he never filed a claim for long-term disability benefits. (*Id.*; Plaintiff Dep. at 58-59).

### E. Post-termination from Krispy Kreme

On October 7, 2008, Plaintiff sent a letter to Spaugh, requesting the paperwork to sign up for long-term disability. (Spaugh Aff. Ex. K). On October 15, 2008, Karen Fishel, Krispy Kreme's Director of Benefits, informed Plaintiff by letter that only active employees were eligible to sign up for long-term disability benefits. (Spaugh Aff. Ex. L). Because Plaintiff had not been an active employee since May 31, 2008, he did not meet Krispy Kreme's eligibility requirements to elect long-term disability. (*Id.*).

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party, however, may not rest upon the mere allegations or denials in its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Disputes concerning material facts are genuine where the evidence is such that a

reasonable jury could return a verdict for the non-moving party. *Id.* at 248. In deciding whether genuine issues of material fact exist, the court construes all facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003).

### III. Discussion

Plaintiff argues that Krispy Kreme's Motion for Summary Judgment should be denied because Krispy Kreme is estopped from denying Plaintiff's long-term disability benefits and because Krispy Kreme breached its fiduciary duty. These claims were previously dismissed by this court. Although Plaintiff filed a Motion for Reconsideration and a Motion to Reinstate those claims, the court denied both motions. Thus, the only claim at issue is whether Plaintiff was denied benefits due to him under ERISA Section 502(a)(1)(B). Plaintiff, as the party seeking to enforce the benefits under Krispy Kreme's long-term disability plan, bears the burden of proving his entitlement to contract benefits. *Ruttenberg v. U.S. Life Ins. Co.*, 652, 663 (7th Cir. 2005)).

#### A. Enrollment in Long-Term Disability Plan

ERISA Section 502(a)(1)(B) allows suits for benefits "by a participant or beneficiary." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 116 (1989). Plaintiff, as a former employee, may fall under the definition of "participant" if he can establish a "'colorable claim' to vested benefits." *Id.* at 117 (citation omitted).

Plaintiff contends that he should be regarded as a non-exempt employee who continues to maintain long-term disability benefits under the Non-Exempt Plan. The

evidence of record unequivocally establishes that Plaintiff was an exempt employee. Spaugh's letter to Plaintiff plainly stated that Plaintiff's promotion to a salaried position changed his employment status from non-exempt to exempt. Moreover, Spaugh's letter explicitly informed Plaintiff that his long-term disability benefits under the Non-Exempt Plan would expire, and provided specific instructions on how to maintain coverage by enrolling in the Exempt Plan. Therefore, the issue before the court is whether Plaintiff was a participant in the Exempt Plan.

The Exempt Plan provided three methods for an employee to enroll once he or she became a member of the eligible class: (1) enrolling within 31 days after becoming a member of the eligible class; (2) enrolling during open-enrollment season; or (3) in the instance of a qualifying event. As no qualifying event occurred, the court focuses its analysis on whether Plaintiff properly enrolled pursuant to one of the first two methods.

### 1.     **Enrolling When First Eligible**

Spaugh's letter informed Plaintiff, in bold and underlined type face, that if he wished to enroll in the Exempt Plan, he needed to fill out an enrollment form within 30 days of the date of the letter. Spaugh's enrollment instructions were consistent with the terms provided by the Exempt Plan Summary. Despite Spaugh's instructions, Plaintiff concedes that he did not fill out an enrollment form. Instead, Plaintiff simply signed the letter itself, and sent it back to Spaugh. The fact that an enrollment form was not included with Spaugh's letter is not a material issue of fact because the contents of Spaugh's letter informed Plaintiff that an enrollment form was required to enroll in the

Exempt Plan. Because Plaintiff failed to submit an enrollment form within 31 days of becoming an exempt employee, he did not become a participant in the Exempt Plan.

### 2.     Enrolling During Open Enrollment

Even though Plaintiff failed to enroll in the Exempt Plan during his initial eligibility period, he could have obtained long-term disability benefits by enrolling in the Exempt Plan during Krispy Kreme's open enrollment period. Pursuant to the Exempt Plan Summary, an employee may "complete the enrollment process at the first annual enrollment period following the date [that employee] became eligible for such insurance." (Exempt Plan Summary at 27). As long as the employee was actively at work, the long-term disability benefits would begin on the first day of the calendar year following the enrollment period.

On December 10, 2007, Plaintiff participated in Krispy Kreme's open enrollment over the telephone because he was out on medical leave. Plaintiff informed the Impact representative that he did not wish to alter his current level of benefits. Since Plaintiff was not a participant in the Exempt Plan, his choice to maintain the same benefits meant that he was still without long-term disability coverage.

Plaintiff claims that he did not make changes to his benefits because he believed that he was already enrolled in the Exempt Plan. Plaintiff's belief, however, was not objectively reasonable for two reasons. First, Plaintiff admits that he did not enroll in the Exempt Plan within 31 days after becoming eligible. Second, Krispy Kreme discontinued deductions for long-term disability benefits from his pay, which was reflected on his

earnings statement beginning on February 9, 2007. (*See* Spaugh Aff. Ex. F).

Plaintiff was not a participant in the Exempt Plan; therefore, he is not entitled to benefits under the plan. *See James v. Nat'l Bus. Sys., Inc.*, 924 F.2d 718, 721 (7th Cir. 1991) (observing that a plaintiff who failed to enroll in an ERISA plan is not entitled to benefits under it). Accordingly, Plaintiff's sole remaining claim under ERISA Section 502(a)(1)(B) fails as a matter of law.

### IV. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment (Docket # 92) is **GRANTED**.

**SO ORDERED** this 20th day of February 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

11